UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
CHRISTINA B. ORTIZ,
aka Christina B. Sandoval,
    Debtor.                                    No. 13-08-10951 SS

**MEMORANDUM OPINION ON MOTION FOR RELIEF**
**FROM AUTOMATIC STAY FILED BY INTERNATIONAL BANK**

This matter is before the Court on a Motion for Summary Judgment on International Bank's Motion for Relief from Automatic Stay (doc 26), the Response thereto filed by the Debtor (doc 27), the Reply by International Bank (doc 28) and a second response by the Debtor (doc 29). This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

In New Mexico, summary judgment is governed by Local Bankruptcy Rule 7056-1, which provides:

> The moving party shall file with the motion a written memorandum containing a short, concise statement In support of the motion with a list of authorities relied upon. A motion for summary judgment filed without the required written memorandum may be summarily denied. A party opposing the motion shall, within 20 days after service of the motion, file a written memorandum containing a short, concise statement in opposition to the motion with authorities. If no such responsive pleading is filed, the court may grant the motion for summary judgment. The moving party may, within ten days after the service of such memorandum, file a written reply memorandum.
>
> The memorandum in support of the motion shall set out as its opening a concise statement of all of the material facts as to which movant contends no genuine issue exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies.
>
> A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which

the party contends a genuine issue does exist. Each
fact in dispute shall be numbered, shall refer with
particularity to those portions of the record upon
which the opposing party relies, and shall state the
number of the movant's fact that is disputed. All
material facts set forth in the statement of the movant
shall be deemed admitted unless specifically
controverted.

**FACTS**

Debtor's response did not specifically controvert any of

International Bank's twenty proposed undisputed facts, nor cite

to portions of the record that would controvert those facts.

Therefore, under NM LBR 7056-1 International Bank's facts should

be deemed admitted. However,

> [u]nder Fed.R.Civ.P. 56(e), only statements "made on
> personal knowledge" will support a motion for summary
> judgment; statements of mere belief must be
> disregarded. <u>Automatic Radio Mfg. Co. v. Hazeltine
> Research</u>, 339 U.S. 827, 831, 70 S.Ct. 894, 896, 94
> L.Ed. 1312 (1950) (affidavit in support of motion for
> summary judgment made on information and belief does
> not comport with Rule 56(e)); <u>see also</u> <u>Jameson v.
> Jameson</u>, 176 F.2d 58, 60 (D.C. Cir. 1949) ("Belief, no
> matter how sincere, is not equivalent to knowledge.");
> <u>Carey v. Beans</u>, 500 F.Supp. 580, 583 (E.D. Pa. 1980)
> (on summary judgment, "statements [in an affidavit]
> prefaced by the phrases 'I believe' or 'upon
> information and belief' or those made upon an
> 'understanding' ... are properly subject to a motion to
> strike."); 10A Wright, Miller and Kane, Federal
> Practice and Procedure: Civil 2d § 2738, pp. 486-89
> (1983).

<u>Tavery v. United States</u>, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994).

In other words, under Rule 56(e), the court may consider only

admissible evidence in ruling on a motion for summary judgment.

<u>World of Sleep, Inc. v. La-Z-Boy Chair Co.</u>, 756 F.2d 1467, 1474

Page -2-

(10th Cir. 1985). And, the Court views the factual record in the light most favorable to the nonmoving party. Concrete Works of Colorado, Inc. v. City and County of Denver, 36 F.3d 1513, 1517 (10th Cir. 1994).

Three of International Bank's proposed facts are opinion based or speculative and will not be considered: 15 (Bank's president does not believe the property is worth more than $56,000), 18 (The property is not necessary to the effective reorganization of the debtor), and 20[1] (The bankruptcy filing is a scheme to hinder and delay the rights of International Bank.)

Therefore, the Court finds as follows:

1. Bonafacio Fernandez was Debtor's, Christina Ortiz's, father who died on May 26, 2003. Bonafacio Fernandez executed a Promissory Note to International Bank dated May 31, 2002 in the principal amount of $48,000.

2. On June 28, 2007, the Estate of Bonafacio Fernandez executed a Modification, Extension Agreement and Disclosure Statement.

3. The Promissory Note is secured by a Mortgage executed by Bonafacio Fernandez dated May 31, 2002 and recorded in the Real Estate Records of Colfax County, New Mexico, Book 13, page 8415 on June 6, 2002. Bonafacio Fernandez owned title

---

[1]Additionally, Fact 20 does not cite to the record, nor is it supported by the affidavit of Ronald L. Schmeits.

to the mortgaged real estate at the time the Mortgage was executed and the mortgage lien is a first mortgage lien on the property.

4. The Estate of Bonafacio S. Fernandez, deceased, defaulted on the Promissory Note and Mortgage. The last payment under the Note made pre-bankruptcy petition was in June 2007.

5. Christina Ortiz filed her Application for Informal Appointment of Personal Representative before the Probate Court of Colfax County cause no. 2007-4965 on May 25, 2007.

6. The Probate Court of Colfax County entered its Order of Informal Appointment of Personal Representative, appointing Christina Ortiz the Personal Representative of the Estate of Bonafacio S. Fernandez, deceased, on June 26, 2007.

7. International Bank filed its Complaint for Money Judgment on Promissory Note and for Foreclosure of Mortgage with the District Court of Colfax County cause no. 07-264-CV, on October 18, 2007. International Bank sought money judgment only against the Estate of Bonafacio S. Fernandez, deceased, and not against Christina Ortiz.

8. The Colfax County District Court entered its Judgment, Decree of Foreclosure, Order of Sale and Appointment of Special Master on February 13, 2008 which awarded International Bank a money judgment against the Estate of Bonafacio S. Fernandez, deceased, and ordered the mortgage

lien foreclosed. On March 13, 2008, the District Court of Colfax County entered its Judgment Awarding Attorneys Fees and Costs.

9. International Bank has a secured claim by virtue of its Mortgage and foreclosure Judgment against the Estate of Bonafacio S. Fernandez, deceased, in the amount of $49,304.72 plus interest at the [default] rate of 22.375% per annum ($30.22 per day) from February 11, 2008. Debtor, Christina Ortiz, has paid $510 since her bankruptcy petition was filed. As of July 1, 2008, the amount due International Bank was $53,505.30.

10. International Bank is entitled to collect additional attorney's fees and expenses under its Note and Mortgage related to these proceedings. Such fees and expenses currently exceed $3,500.

11. International Bank recorded its Lis Pendens related to the foreclosure action against the Estate of Bonafacio Fernandez, deceased, in the Real Estate Records of Colfax County, New Mexico on August 18, 2007.

12. Debtor, Christina Ortiz, did not obtain any interest in the mortgaged real estate until after the foreclosure judgment when the Estate of Bonafacio S. Fernandez issued that Warranty Deed (personal representative's deed) from the Estate of Bonafacio Fernandez, deceased, to Christina B.

Ortiz dated March 7, 2008 and recorded in the Real Estate Records of Colfax County on March 12, 2008. Debtor, Christina B. Ortiz, is residing in the subject property as her principal residence.

13. Debtor, Christina B. Ortiz, as Personal Representative of the Estate of Bonafacio S. Fernandez, did nothing to administer the probate estate or to pay the claim of International Bank as required by the New Mexico Probate Code, NMSA 1978, §45-3-801 et seq. See the Probate Court's Docket Sheet showing all filings through May 30, 2008.

14. International Bank holds an appraisal of the subject property prepared by Elizabeth Moore dated December 27, 1995 which appraised the property to be worth $56,000.

15. None.

16. The Debtor's proposed Chapter 13 Plan, paragraph 4.4 values the subject property at $60,000.

17. Debtor lacks equity in the property.

18. None.

19. Debtor is not making adequate assurance payments. She has only made one (1) payment of $510 since her bankruptcy petition was filed.

20. None.

**DISCUSSION**

1. "Ordinarily, the obligations arising out of a contract are due only to those with whom it was

made; a contract cannot be enforced by a person who is not a party to it or in privity with it ...." 17A Am.Jur.2d Contracts § 425 (1991) (footnotes omitted). Privity of contract is "[t]hat connection or relationship which exists between two or more contracting parties." Black's Law Dictionary 1199 (6th ed.1990). Privity of contract has also been defined as "the name for a legal relation arising from right and obligation," or the "legal relationship to the contract or its parties." La Mourea v. Rhude, 209 Minn. 53, 295 N.W. 304, 307 (1940).

Tarin's, Inc. v. Tinley, 129 N.M. 185, 190, 3 P.3d 680, 685 (Ct. App. 1999). Debtor is not in privity with International Bank.

2. There is a split among the courts on whether a debtor can include a mortgage in his or her Chapter 13 plan despite the absence of privity between the borrower and the mortgagor. The split centers on the courts' interpretation of the term "claim" as it pertains to Chapter 13 proceedings. One line of cases, anchored by the decision of the Supreme Court of the United States in Johnson v. Home State Bank, interprets the term "claim" broadly and permits debtors to cure defaulted mortgages within a Chapter 13 plan even when no privity of contract exists between the debtor and creditor. Johnson v. Home State Bank, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); Bank of America v. Garcia (In re Garcia), 276 B.R. 627 (Bankr. D. Ariz. 2002); In re Allston, 206 B.R. 297 (Bankr. E.D. N.Y. 1997); In re Hutcherson, 186 B.R. 546 (Bankr. N.D. Ga. 1995); In re Trapp, 260 B.R. 267 (Bankr. D. S.C. 2001); In re Rutledge, 208 B.R. 624 (Bankr. E.D. N.Y. 1997); Citicorp Mortgage, Inc. v. Lumpkin (In re Lumpkin), 144 B.R. 240 (Bankr. D. Conn. 1992). A second line of cases interprets the term "claim" narrowly, distinguishing Johnson and holding that a "claim" does not exist for matters where privity is absent between the debtor and creditor. In re Parks, 227 B.R. 20 (Bankr. W.D. N.Y. 1998); Ulster Savings Bank v. Kizelnik (In re Kizelnik), 190 B.R. 171 (Bankr. S.D. N.Y. 1995); In re Threats, 159 B.R.

Page -7-

Case 08-10951-s13    Doc 34    Filed 08/14/08    Entered 08/14/08 15:03:37 Page 7 of 9

> 241 (Bankr. N.D. Ill. 1993). The essential difference lies in how the courts define the term "claim."

In re Curinton, 300 B.R. 78, 80 (Bankr. M.D. Fla. 2003). The Curinton court reviewed both sides of this split, examined the Supreme Court's reasoning in Johnson, id. at 81-82, and concluded that privity should not be required to include a bank's claim against the debtor's property within a Chapter 13 plan, id. at 85. This Court finds the reasoning of Curinton persuasive, and adopts it in full. Therefore, Debtor may include the International Bank mortgage in her Chapter 13 plan.

3. "[A]n irrebuttable presumption is created in a Chapter 13 case as to the debtor's home as necessary to effective reorganization where the debtor's primary purpose in filing the Chapter 13 petition is to save his home." Grundy Nat'l Bank v. Stiltner (In re Stiltner), 58 B.R. 593, 596 n.1 (W.D. Va. 1986). In this case, Debtor is attempting to save her home, so there is a presumption that the home is necessary to an effective reorganization.

4. Confirmation of Debtor's plan is set for August 12, 2008. The outcome of that hearing will necessarily determine whether International Bank is adequately protected.

5. On August 12, 2008, the Court took confirmation of the Debtor's plan under advisement. The Court will also take

the Motion for relief from automatic stay under advisement pending the ruling on confirmation.

*/s/ James S. Starzynski*

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  August 14, 2008

copies to:

Steven E Sessions
122 10th St NW
Albuquerque, NM 87102-2901

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

Steven L McConnell
PO Box 1148
Raton, NM 87740-1148